Scofield, J.,
delivered the opinion of the court:
The claimant, in his petition to the court, states his case as follows:
“ During the year 1864, the Army of the United States Government, by proper authority, hired and took from your petitioner one wharf-boat to be used in the military service of the United States, at the mouth of White Itiver, in the State of Arkansas, agreeing to return said boat to your petitioner in as good condition as it was then in, reasonable wear and tear excepted; that when the officers sought to return the boat to your petitioner it was not in good condition, and the officer agreed to keep it until it could be put in good condition, but before he had done so it was carried down the river and lost. * * * That said boat was worth at the time it was hired from your petitioner, and at the time of its loss, the sum of $'7,000.w
These facts constitute a valid contract with the defendants, for any breach of which the claimant, under section 1059 of the Revised Statutes might have brought his action in the Oourtof Claims at any time within six years after the claim first accrued. Section 1069 of the Revised Statutes provides that all claims cognizable by the Court of Claims shall be forever barred unless the petition setting forth a statement thereof is filed in the court within six years after the claim first accrues.
*34 Section 3 of the Bowman Act (22 Sta-t. L., 485), excludes from the jurisdiction of the court under that act “any claim against the United States which is now. (March 3, 1883) barred by virtue of the provisions of any law of the United States. ”
It is contended by the claimant that his claim was excluded from the jurisdiction of the court by the Act July 4,1864 (13 Stat. L., 381). That act, however, applies only to “claims growing out of the destruction or appropriation of, or damage to, property by the Army or Navy engaged in the suppression of the rebellion, ” but does not extend to express contracts. (Russell v. The United States, 13 Wall., 623; Green’s Case 18 C. Cls. R., 94.)
As the court has no jurisdiction of the claim under the Bowman Act, the claimant’s petition must be dismissed. •